BLANCHE, Justice.*
Defendant, Horace Hicks, on March 11, 1979 was charged by bill of information with violation of LSA-R.S. 40:967, possession of Pentazocine (Talwin), a controlled dangerous substance. On February 9, 1979, Talwin had been classified as a controlled dangerous substance by the Drug Enforcement Administration of the United States. The drug was then added to the Louisiana list of controlled dangerous substances on February 14, 1979 pursuant to LSA-R.S. 40:962(B)[1], which provides that the Secretary of the Department of Health and Human Resources shall add a substance as a controlled dangerous substance if it is classified as a controlled dangerous substance by the Drug Enforcement Administration of the United States government.
After the drug was so classified, letters were sent by the agency to all medical *CLXVII boards, district attorney offices and the police crime laboratories across the state alerting them to the fact that Talwin had become a controlled dangerous substance. Publication in the Louisiana Register of the notice placing Talwin on Louisiana’s list did not take place until the edition of April 20, 1979, with a statement that “This emergency rule is effective April 11, 1979”.
On motion of the defendant, the trial judge quashed the bill of information on two grounds: first, that LSA-R.S. 40:962 contained an. unconstitutional delegation of legislative authority to an administrative agency, and second, that even if the statute was constitutional, notice thereof had not been given in accordance with law and such insufficient notice deprived defendant of due process of law. To convict a person for conduct which occurred before that conduct was declared criminal violates the constitutional prohibition against ex post facto laws.[2]
It is unnecessary to meet the issue of unconstitutional delegation of authority, assuming for purposes of this opinion the authority of the Secretary of the Department of Health and Human Resources to add a drug to the controlled dangerous substances list by virtue of the provisions of R.S. 40:962(B). The secretary is required to follow the statutory procedure for the adoption of a rule before it can become effective as a regulatory provision.
The procedure for the adoption of a rule by the administrative agency here is found in LSA-R.S. 49:953. That provision states that prior to becoming effective, even in the event of imminent peril to public health, safety and welfare, publication of the rule must be made in the Louisiana Register. Accordingly, as compliance with that provision was not met until publication in the issue of April 20, 1979, the rule was not in effect on the date defendant was arrested.
For these reasons, the judgment of the district court quashing the indictment is affirmed.

 Chief Judge Paul B. Landry, Jr., Retired, is sitting by assignment as Associate Justice Ad Hoc in place of Tate, J. upon this case.

. “B. The secretary of the Department of Health and Human Resources shall add a substance as a controlled dangerous substance if it is classified as a controlled dangerous substance by the Drug Enforcement Administration of the United States government.”

. La.Const. Art. 1, § 23. No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted.